IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

COREY HART,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 1:15-cv-01163-JDB-egb
No. 1:13-cr-10071-JDB-1

---

ORDER DENYING RELIEF UNDER *JOHNSON V. UNITED STATES*
AND
DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIMS

---

In July 2015, Petitioner, Corey Hart, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). (Case Number ("No.") 15-cv-01163, Docket Entry ("D.E.") 1.) The Petition sets forth two claims of ineffective assistance of counsel. (*Id.* at PageID 4.) Appointed counsel thereafter filed a supplemental motion to add a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.*, D.E. 8.) For the reasons that follow, the *Johnson* claim is DENIED, and Respondent, United States of America, is DIRECTED to respond to the remaining claims.

BACKGROUND

Hart was indicted in July 2013 on two counts of distributing and attempting to distribute a mixture and substance containing a detectable amount of methamphetamine. (No. 13-cr-10071, D.E. 2.) The first count was subsequently dismissed, (*id.*, D.E. 20), and Defendant entered an open plea of guilty to the second count, (*id.*, D.E. 30).

Defendant was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), based

on four Tennessee convictions: attempted aggravated assault, sale of methamphetamine, possession of methamphetamine with intent to resale or deliver, and aggravated assault. (Presentence Report ¶¶ 18, 36-39.) The Court sentenced him to 151 months' imprisonment and three years of supervised release. (No. 13-cr-10071, D.E. 42.) An unsuccessful direct appeal was taken. (*Id.*, D.E. 52.)

On July 10, 2015, Petitioner filed his federal Petition, (No. 15-cv-01163, D.E. 1), which, as noted, was later supplemented with a claim under *Johnson*, (*id.*, D.E. 8).

DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The inmate challenges his sentence based on the Supreme Court's ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. He argues that *Johnson*'s reasoning renders unconstitutional his designation as a career offender under § 4B1.1 of the Guidelines.

The argument fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Petitioner's request for relief under *Johnson* is DENIED.

Respondent is ORDERED to file a response to the remaining claims within twenty-eight days from the date of this order. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 5(a).

Hart may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. *See* Habeas Rule 5(d). He may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 18th day of April 2018.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE