IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

COREY HART,

    Petitioner,

v.                                                                                                                                                                                                               No. 1:15-cv-01163-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 MOTION
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

       In July 2015, Petitioner, Corey Hart, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). (Docket Entry ("D.E.") 1.)[1] For the reasons that follow, the Petition is DENIED.

## BACKGROUND

       Hart was indicted by a federal grand jury in July 2013 on two counts of distributing and attempting to distribute a mixture and substance containing a detectable amount of methamphetamine. (No. 13-cr-10071, D.E. 2 at PageID 3-4.) The Court appointed the Federal Public Defender's Office to represent him, (*id.*, D.E. 11), and Assistant Federal Defender M. Dianne Smothers appeared on his behalf, (*id.*, D.E. 13).

       The first count of the indictment was subsequently dismissed upon motion of the Government, (*id.*, D.E. 20), and Petitioner entered an open plea of guilty to the second count, (*id.*, D.E. 30). At sentencing, the Court determined that Hart was subject to an enhanced sentence as a

---

[1] All record citations are to documents filed in case number ("No.") 15-cv-01163, unless otherwise noted.

1

career offender under U.S.S.G. § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), based on four Tennessee convictions: attempted aggravated assault, sale of methamphetamine, possession of methamphetamine with intent to resale or deliver, and aggravated assault.[2] (*Id.*, D.E. 47 at PageID 118-119; Presentence Report ¶¶ 18, 36-39.) He was sentenced to 151 months' imprisonment and three years of supervised release. (No. 13-cr-10071, D.E. 42.) Petitioner appealed his sentence but was unsuccessful. (*Id.*, D.E. 52.)

On July 10, 2015, Hart filed his federal Petition, asserting the following claims:

Claim 1: "Counsel was ineffective for failing to object to prior convictions that were used for purposes of the career offender [Guidelines] and letting Petitioner accept a plea ag[]reement that resulted in him receiving more time than he would have had he not been a career offender."

Claim 2: "Counsel failed to investigate Petitioner's prior Tennessee convictions which were unconstitutional" because "the state court did not have jurisdiction to impose [the] sentence."

(D.E. 1 at PageID 4.)

In June 2016, the Court appointed counsel to represent Petitioner for purposes of pursuing a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (D.E. 9.) Counsel filed a supplemental § 2255 motion setting forth the *Johnson* claim, (D.E. 8), which the Court denied on the merits, (D.E. 10). The Government was directed to respond to the inmate's remaining claims. (*Id.* at PageID 23.)

## DISCUSSION

On May 16, 2018, Respondent filed its answer to the Petition ("Answer"). (D.E. 11.) In support of its argument that Petitioner's claims were meritless, the Government submitted an affidavit from defense attorney Smothers, a copy of the inmate's state court petition challenging

---

[2]All references in this order are to the Guidelines in effect on the date of Hart's sentencing, July 8, 2014. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 2013).

2

his state convictions under Tenn. R. Crim. P. 36.1, and the state court's decision denying the petition. (D.E. 11-2; D.E. 11-1.) Petitioner did not file a reply to the Government's Answer, although allowed to do so. (*See* D.E. 10 at PageID 23.)

1. **Legal Standards**

A prisoner seeking to vacate his sentence under "§ 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A § 2255 claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. State of La.*, 350 U.S. 91, 101 (1955)).

Prejudice is established where there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) ("Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" (quoting *Strickland*, 466 U.S. at 687)).

*Strickland*'s two-prong test applies where a defendant alleges that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). To establish prejudice in the plea context, a petitioner must show that if his counsel had not performed deficiently, there is a "reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

**2. Claim 1**

In Claim 1, Petitioner challenges Smothers's alleged deficient performance in allowing him to enter into a plea agreement by which he would be sentenced as a career offender. He also asserts that she was ineffective by failing to object to the use of his Tennessee convictions as predicate offenses under the Guidelines' career offender provision. A review of the record in the underlying criminal case, as well as defense counsel's affidavit, reveals that the claim is without merit.[3]

---

[3] A § 2255 petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The records in this case and the underlying criminal case conclusively show that Petitioner is not entitled to relief on his claims. An evidentiary hearing is therefore unnecessary.

### a. Guilty Plea

Under "USSG § 4B1.1(a), a defendant is a career offender if (1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) 'the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" *United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (per curiam) (quoting U.S.S.G. § 4B1.1(a)). As noted, Hart had not just two, but four, predicate offenses that qualified him as a career offender.

The inmate asserts that counsel should not have let him enter into a plea agreement by which he would be sentenced as a career offender. The argument fails for the simple reason that there was no such agreement. In her affidavit, defense counsel avers that Petitioner pled guilty to Count 2 of the indictment without the benefit of an agreement with the Government. (D.E. 11-1 at PageID 32.) The transcript of the change-of-plea hearing confirms that fact. (No. 13-cr-10071, D.E. 48 at PageID 132) ("THE COURT: Is there a plea agreement or just . . .; MS. SMOTHERS: No, sir, Your Honor.").

To the extent Petitioner means to suggest that his guilty plea was involuntary due to counsel's failure to properly inform him about his career offender status, the argument is without merit. Smothers's affidavit, to which Petitioner has not responded, reveals that she performed more than adequately in advising her client on that issue. Counsel had numerous discussions with Petitioner regarding the possibility that he would be sentenced as a career offender, and he confirmed his understanding of that possibility in a letter he sent to her prior to pleading guilty. (D.E. 11-1 at PageID 33.)

Even if defense counsel had performed deficiently, the colloquy at the change-of-plea hearing "cured any misunderstanding [he] may have had about the consequences of his plea."

*Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016). This Court advised Petitioner that he faced up to twenty years' incarceration, and thirty years if he had a previous felony drug conviction. He confirmed that he understood the possible maximum penalties. When the Court asked him if anyone had promised or predicted what his sentence would be, he stated under oath "No, sir." (No. 13-cr-10071, D.E. 48 at PageID 141.) Petitioner has not submitted any evidence to undermine his sworn testimony. He has therefore failed to establish a reasonable probability that he would not have pled guilty but for counsel's alleged deficient performance.

For these reasons, Petitioner has not shown that counsel's performance with regard to his guilty plea was deficient or that he was prejudiced.

### b. Failure to Object

The inmate also cannot prevail on his argument that counsel was ineffective for failing to object to the use of his predicate convictions to qualify him as a career offender. As discussed below, there was no basis for her to argue that his state convictions were invalid.

For all of these reasons, Claim 1 is DENIED.

### 3. Claim 2

In Claim 2, Hart asserts that Smothers was ineffective by failing to investigate the validity of his predicate state convictions. He alleges that he "is currently challenging the convictions in the state court and said convictions will soon be vacated." (D.E. 1 at PageID 4.)

The claim is without merit because Petitioner cannot show he was prejudiced by any alleged deficiency in counsel's performance. At the time he filed his Petition in July 2015, his motion to correct his concurrent sentence for, among other things, aggravated assault and possession of a controlled substance, was pending before the Madison County Circuit Court. (D.E. 11-2 at PageID 38-44.) In December 2015, the state court dismissed the motion on the ground that

"the alleged illegal sentence has expired." (*Id.* at PageID 46.) The Tennessee Court of Criminal Appeals affirmed. *State v. Hart*, No. W2016-00565-CCA-R3-CD, 2017 WL 1861786, at *2 (Tenn. Crim. App. May 5, 2017). Because the collateral challenge was ultimately unsuccessful, counsel's failure to investigate the validity of his state convictions was without consequence.[4]

Claim 2 is therefore DENIED.

For all of the foregoing reasons, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[4]Counsel objected to the use of the convictions at sentencing to the extent that she could. She explains that she "raise[d] an objection to the counting of [certain convictions] separately, as they were pled on the same date in the same court." (D.E. 11-1 at PageID 36; *see also* No. 13-cr-10071, D.E. 38 at PageID 54.) She withdrew the objection upon learning facts which showed that the offenses were separated by an intervening arrest. (No. 13-cr-10071, D.E. 40 at PageID 73.)

Counsel also argued that Hart's designation as a career offender overrepresented his criminal history. (*Id.*, D.E. 38 at PageID 57.)

7

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

IT IS SO ORDERED this 26th day of June 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.